UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

REGINALD HARPER, JR.,

    Plaintiff,

v.                                             Case No. 4:20cv259-WS-HTC

WARDEN OF TAYLOR
CORRECTIONAL
INSTITUTION, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

    Plaintiff, Reginald Harper, Jr., a prisoner proceeding *pro se*, initiated this action on May 8, 2020 by filing a civil rights complaint purporting to assert a failure-to-protect claim under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons that follow, the undersigned respectfully recommends that this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with orders of the Court.

    Upon review of the complaint, the undersigned found that it was deficient in several ways. Namely, it was not accompanied by either the requisite filing fee nor

a motion for leave to proceed *in forma pauperis*, as required by N.D. Fla. Loc. R. 5.3 ("[a] party who files or removes a civil case must simultaneously either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915"), and it was not on this Court's required form, as required by N.D. Fla. Loc. R. 5.7 ("A party not represented by an attorney must file [a civil rights complaint] only on a form available without charge from the Clerk or on the District's website …. The Court need not – and ordinarily will not – consider a … complaint that is not filed on the proper form"). Additionally, it appeared on the face of the complaint that Plaintiff had failed to exhaust his administrative remedies prior to filing suit.

Thus, on May 20, 2020, the Court (1) directed the clerk to send Plaintiff a form application to proceed *in forma pauperis* and a civil rights complaint form for use by state prisoners in actions under 42 U.S.C. § 1983 and (2) ordered Plaintiff either pay the full filing fee or file a complete application to proceed *in forma pauperis* **and** file an amended complaint within twenty-one (21) days. ECF Doc. 3. Alternatively, if Plaintiff failed to exhaust his administrative remedies prior to filing suit or otherwise did not wish to proceed with this action, the Court directed Plaintiff to instead file a notice of voluntary dismissal. The Court warned Plaintiff that his failure to timely comply with the May 20 Order as instructed may result in a recommendation that his case be dismissed.

Case No. 4:20cv259-WS-HTC

Plaintiff failed to timely comply with the May 20 Order as instructed.  Instead, on May 26, 2020, Plaintiff filed a handwritten document labeled "Exhibit A" and "Declaration."  ECF Doc. 4.  The filing was not accompanied by the requisite filing fee, a motion for leave to proceed *in forma pauperis*, or an amended complaint on this Court's required form.  Additionally, the filing regarded only events that occurred *after* the initiation of this suit and that appeared wholly unrelated to the claim set forth in the complaint.

Thus, on June 17, 2020, the undersigned issued an Order explaining that Plaintiff's May 26 filing was not compliant with the Court's May 20 Order.[1]  ECF Doc. 5.  Because more than twenty-one (21) days had passed without compliance, the Court gave Plaintiff an additional fourteen (14) days to either (1) show cause why his case should not be recommended for dismissal for his failure to prosecute or comply with an order of the Court or (2) comply with the Court's May 20 Order by submitting all the necessary materials or a notice of voluntary dismissal.  Plaintiff

---

[1] The Court explained that the filing was not compliant because it did not contain *any* of the materials set forth in the May 20 Order.  Additionally, the Court explained that, because the events alleged in the filing occurred after the filing of this suit, Plaintiff could not have timely exhausted his administrative remedies as to those claims.  *See* ECF Doc. 5; *see also Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (making clear that a plaintiff must exhaust his administrative remedies *before filing suit* and holding that a supplemental complaint cannot cure an exhaustion defect); *Leao v. Hartman and Tyner, Inc.*, 2014 WL 12603171, at *1 (S.D. Fla. Mar. 17, 2014) (denying plaintiff's motion for leave to amend to state a claim of retaliation because the facts upon which the claim was based did not occur until after the original complaint was filed and finding that "the better practice for proceeding with this type of claim … is to proceed with a second, separate lawsuit").

Case No. 4:20cv259-WS-HTC

was again warned that his failure to comply with either Order may result in a recommendation of dismissal without further notice.

More than fourteen (14) days have passed, and Plaintiff has not complied with either the Court's May 20 Order or June 17 Order to Show Cause. Indeed, he has also made no further attempts to comply, as the Court has not received the filing fee, a motion to proceed *in forma pauperis*, an amended complaint, a notice of voluntary dismissal, or any response whatsoever.

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with orders of the Court.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 16th day of July, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.